UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Corey Jawan Robinson, #294233 | ) C/A No. 4:10-00157-HMH-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| v. | ) |
| | ) |
| South Carolina Department of Corrections; Officer S. Mosher; Doctor W. Jones; Sgt. Jordan Williams; Sgt. Marado Smalls; Cpl. John Guinn; Ofc. Susan Spann; Lieber Medical Service; DHO James Blackwell, | ) ) ) ) ) |
| | ) |
| Defendant(s). | ) |

This matter is before the court upon plaintiff's motion for Temporary Restraining Order ("TRO") and motion for order to show cause. (Doc. #30).[1] In this motion, plaintiff requests that the defendants, their agents and employees be enjoined "from working around or in the same area of plaintiff, from handling any legal material or any legal mail outgoing and incoming, from handling plaintiff's food, from moving plaintiff back and forth from his cell." (Doc. #30). Further, plaintiff requests that the court enjoin defendants from housing him in certain cells, from searching "inmate body parts" and from handling any disciplinary hearing for plaintiff. (Id.).

Defendants filed a response in opposition asserting plaintiff fails to meet the legal standard required for the relief he requests in that plaintiff has not stated he will suffer irreparable harm if the TRO is not granted, the defendants would be harmed in that it would disrupt their daily operations of the prison and defendants' efforts to do their jobs as required, and it would not serve the public

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

interest to provide the TRO when he has not proven irreparable harm. (Doc. #41).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc. ,--- U.S. ---, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. He simply asks that the court issue an injunction without providing a legal basis for doing so. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to show actual injury or harm and that, assuming injury or harm, that it is irreparable. Plaintiff also fails to show an injunction is in the public interest.[2]

As plaintiff has failed to meet the Winter factors, it is recommended that this motion for TRO (doc. #30) be denied.

>						Respectfully submitted,
>
>						s/Thomas E. Rogers, III
>						Thomas E. Rogers, III
>						United States Magistrate Judge

May 5, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Additionally, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983).