UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| COREY JAWAN ROBINSON, #294233, | ) | Civil Action No.: 4:10-cv-0157-HMH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| SOUTH CAROLINA DEPARTMENT OF | ) | |
| CORRECTIONS, OFFICER S. MOSHER, | ) | |
| DOCTOR W. JONES, SGT. JORDAN | ) | **REPORT AND RECOMMENDATION** |
| WILLIAMS, SGT. MARADO SMALLS, | ) | |
| CPL. JOHN GUINN, OFC. SUSAN | ) | |
| SPANN, NURSE C. FELDER, NURSE V. | ) | |
| ASHFORD, DOCTOR R. BABB, NURSE | ) | |
| K. LINNEN, NURSE R. BREWER, | ) | |
| WARDEN M. BODISON, ASSOC. | ) | |
| WARDEN F. THOMPSON, SGT. F. | ) | |
| JEFFERSON, OFC. S. NICHOLAS, LT. | ) | |
| R. STWART, OFC. U. PALMER, | ) | |
| NURSE V. FRAIZER, NURSE S. WEST, | ) | |
| and OFC. T. MILLS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his

Complaint housed at the Lieber Correctional Institution.  Plaintiff raises claims under 42 U.S.C. §

1983, complaining of medical indifference, excessive force and sexual and other harassment.

Plaintiff also asserts a state law claim for medical malpractice.

Presently before the Court is Defendants' South Carolina Department of Corrections

(SCDC), Officer S. Mosher, Doctor W. Jones, Sgt. Jordan Williams, Sgt. Marado Smalls, Cpt. John

Guinn, Ofc. Susan Spann, Nurse C. Felder, Nurse V. Ashford, Doctor R. Babb, Nurse K. Linnen,

Warden M. Bodison, Assoc. Warden F. Thompson, Sgt. F. Jefferson, Ofc. S. Nicholas, Lt. R. Stwert, and Nurse V. Frazier's Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 76).[1]  Also pending is Defendants' Nurse R. Brewer, Ofc. U. Palmer, Nurse S. West, and Ofc. T. Mills's Motion to Dismiss (Document # 97) pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure for failure to perfect service. Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motions could result in the Motions being granted.  Plaintiff filed Responses (Documents # 82, 99) to both Motions.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because the Motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.     FACTS AND FACTUAL ALLEGATIONS

Plaintiff alleges that he visited sick call from April 2009 through June 2009, complaining of cold symptoms, a stomach illness, coughing up white and yellow substances and blood, numbness and itching on the left side of his face and burning eyes.  Complaint (Document # 1) p. 3; Amended

---

[1]Because both parties submit matters outside the pleadings, the Court will analyze the arguments raised pursuant to Rule 56, Federal Rules of Civil Procedure.  Furthermore, although Defendants acknowledge that Plaintiff asserts a claim for excessive force (see Motion p. 2), they do not specifically address this claim in their Motion.  Thus, based upon the arguments raised by Defendants in their Motion, Defendants do not seek summary judgment on the excessive force claim arising out of the June 19, 2009, incident, and the undersigned will treat their Motion as one for partial summary judgment.  To the extent their Motion can be construed to challenge Plaintiff's claim for excessive force relating to the use of chemical munitions on June 19, 2009, Defendants have failed to meet their burden of showing that summary judgment is proper based upon the record presented.

Complaint (Document # 46) p. 2. He was given several kinds of medication. Id. Plaintiff alleges that on June 19, 2009, he and/or his roommate repeatedly asked Defendant Mosher and another officer to see a nurse because he was vomiting and his throat was swollen, causing him to nearly choke on his vomit. Complaint p. 3. When Mosher asked Plaintiff about his problems, Plaintiff told him "I done saw a doctor twice about a virus and I am sick I almost choke off my vomit nigga." Id. Plaintiff alleges Defendant Mosher then pushed him and gassed him and locked the door. Id. Plaintiff was not allowed to see medical personnel nor was he allowed a shower or a change of clothes. Id.

Plaintiff also submits the Declaration of Dion L. Benjamin, who declares that on June 19, 2009, he heard Plaintiff complaining to Officer Mosher that he could not eat or drink and Officer Mosher left and came back later. Benjamin Decl. ¶ 1 (Document # 83). When Officer Mosher came back, Benjamin heard Plaintiff's roommate kicking on Plaintiff's cell for help because Plaintiff was vomiting and could barely breathe. Id. Benjamin declares that Officer Mosher denied Plaintiff's request for medical attention, that profane words were used and Officer Mosher sprayed gas into Plaintiff's cell. Id. He further declares that Plaintiff was denied medical attention for the mace and his serious medical needs. Id.

The Report on the Use of Force provides that on June 19, 2009, Officer Mosher heard Plaintiff kicking on his cell door. See Report on the Use of Force (attached as Exhibit 6-B to Defendants' Motion for Summary Judgment). Officer Mosher gave Plaintiff several direct orders to cease his behavior, but Plaintiff did not comply. Id.; see also Mosher Aff. ¶ 7 (attached as Exhibit 6 to Defendants' Motion for Summary Judgment). Officer Mosher was not aware of Plaintiff's physical or medical condition at the time he gave order to cease his behavior. Mosher Aff. ¶ 8.

-3-

Officer Mosher then opened Plaintiff's cell door to observe him and Plaintiff exited his cell.  Report on the Use of Force; Mosher Aff. ¶ 9, 11.  Officer Mosher gave Plaintiff several directives to return to his cell, but he did not comply, so Officer Mosher administered one burst of his chemical munitions to Plaintiff's facial area.  Report on Use of Force; Mosher Aff. ¶ 10, 13.  Plaintiff then complied with all directives.  Report on Use of Force.  Plaintiff was seen by LPN Kissah Linnen with no injuries noted.  Report on Use of Force.

Plaintiff was unable to eat for three days.  Complaint p. 3.  On June 22, 2009, he was admitted by Defendant Doctor Babb to Trident Hospital and was diagnosed with sarcoidosis.  Id. Plaintiff was released from Trident Hospital on July 1, 2009.  Id.  He alleges that he had to drink ensure through a feeding tube for four to eight weeks.  Complaint p. 4.  He asserts that from July 1, 2009, to January of 2010, the nurses and officers denied him the proper feedings in the feeding tube, refused wound cleanings, and failed to give him the correct dosage of prednisone, place him in a medical unit,  give him proper physical therapy or give him a special soft meal.  Id.

Plaintiff also alleges that he was falsely accused of sexual misconduct and the disciplinary hearing officer violated his rights by refusing to allow him to call witnesses or cross-examine his accuser.  Id.  He alleges that he was harassed by being placed in SMU for filing grievances about his illness and by Defendant Spann telling inmates that he is a snitch and a homosexual.  Id.

Plaintiff also alleges that at some point he went on a hunger strike and told officers that he was going to kill himself.  Id.  He was stripped of his clothes and placed in a cell with no bathroom and where other inmates could see him without any clothes.  Id.  He alleges he was sexually assaulted by some of the officers at this time.  Id.

-4-

## III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting

his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.    DISCUSSION

### A.    42 U.S.C. § 1983 Generally

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### B.    Failure to Exhaust Administrative Remedies

Defendants have pleaded the affirmative defense of failure to comply with the Prison Litigation Reform Act's ("PLRA") exhaustion requirement and have moved for summary judgment on that basis, among others. The PLRA requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C.1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state

-6-

remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir.2001) (exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3 d 718 (7th Cir.2001) (exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) (applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).

Plaintiff attaches to his Complaint a copy of a Step 1 Grievance Form, LCI-856-09, in which Plaintiff states

> I i/m C. Robinson 294233 is exhausting all administrative remedies on 6-19-2009 on the alleged claims violation of my 8th Amendment, 14th Amendment, excessive force, deliberately indifference, violation of breach of security and use of force policy/procedure. On 6-19-2009 Ashley B was on lockdown, Ofc. S. Mosher shift come on, when they did count I repeatly ask Ofc. S. Mosher to see a nurse because my throat is swollen, I am vomiting up and choking, around after lunch during 2nd count I started vomiting and almost choke to death my roommate patted me on my

> back and I layed on the floor, it was vomit on my bed and all over the floor, they come around again for count and both Officer S. Mosher and Goodwin witness me laying on the floor where vomit was my roommate kick on the door and told them I need medical, finally Ofc. S. Mosher came ask what the problem, I told him I done saw a doctor twice about a virus and I am sick I almost choke off my vomit nigga, he then stated what you call me I only repeated what I said, he than push me and gas me and said tough guy he lock the door, I never seen medical!

Inmate Grievance Form, Step 1 (attached to Plaintiff's Complaint). The Form states, "see Warden's Response," but the response is not included in the record. However, Plaintiff does attach a copy of his Step 2 Grievance Form. In his Step 2 Grievance Form, Plaintiff sets forth,

> I was gased with mace for no reason, I was only trying to get medical treatment, the force Ofc. Mosher used was unjustified and excessive, he saw I was sick and the vomit that was on the floor, I had to go to the hospital and I stayed there for days and was diagnosis for sarcoydoesis a disease, I could not eat or drink and this Ofc. S. Mosher did not took his job or my medical needs serious (please see step 1 grievance).

Inmate Grievance Form, Step 2 (attached to Plaintiff's Complaint). Plaintiff's Step 2 Grievance was denied.

Defendants argue that Plaintiff has failed to present evidence that he filed the appropriate appeal with the Administrative Law Court. However, for purposes of the § 1997e(a) exhaustion requirement, the construction of the term "administrative remedies" to include appeals through the South Carolina ALC process is overbroad. The pursuit of the South Carolina ALC process would invoke state judicial remedies. See, James F. Flanagan, Redefining the Role of the State Administrative Law Judge: Central Panels and Their Impact on State ALJ Authority and Standards of Agency Review, Administrative Law Review 1355 (2002). In § 1983 matters Congress only intended that "administrative remedies" be satisfied. See, e.g. Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.2002) (Exhaustion under § 1997e(a) is administrative only; a prisoner who uses all

administrative options that the state offers need not also pursue judicial review in state court), <u>cert.</u> <u>denied</u>, 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002).  Thus, it is not necessary for Plaintiff to proceed to the state judicial system to have exhausted his administrative remedies.  Accordingly, Plaintiff has exhausted his administrative remedies with respect to the issues raised in Grievance LCI-856-09.

In response to Defendants' Motion for Summary Judgment, Plaintiff attaches copies of several other Step 1 Grievance Forms, all of which were returned unprocessed for Plaintiff's failure to attempt an informal resolution prior to filing the Grievance or for failing to properly state in the Grievance the type of informal resolution that was sought.  <u>See</u> Declaration to Support Plaintiff's Answer to Defendants' Motion for Summary Judgment (Document # 83).  Plaintiff asserts that it is out of his control that his Grievances were returned unprocessed.  However, Plaintiff fails to show that he attempted to remedy the problems, e.g., the failures to attempt an informal resolution, noted by the IGC in response to his Grievances.  Thus, Plaintiff has failed to show that he exhausted his administrative remedies with respect to any claims arising out of incidents that occurred before or after June 19, 2009.  Accordingly, it is recommended that summary judgment be granted on all of Plaintiff's claims other than those arising out of the incident on June 19, 2009, for failure to exhaust his administrative remedies.  Specifically, only those claims arising out of Plaintiff's alleged denial of medical care[2] on June 19, 2009, should move forward to a discussion on the merits.[3]

---

[2]Plaintiff also asserts a claim of excessive force arising out of the June 19, 2009, incident. However, as noted in footnote 1, Defendants do not move for summary judgment on this claim and, thus, the merits of such a claim will not be addressed herein.

[3]Defendants Nurse R. Brewer, Ofc. U. Palmer, Nurse S. West, and Ofc. T. Mills are not implicated in anyway in the claims of medical indifference and excessive force arising out of the incidents of June 19, 2009.  Dismissal of the claims against them is appropriate for Plaintiff's

## C.    Medical Indifference

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs

when they ignored his requests for medical attention on June 19, 2009.  In the case of Estelle v.

Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of

punishments which "involve the unnecessary and wanton infliction of pain," Id. (quoting Gregg v.

Georgia, 428 U.S. 153, 169-73 (1976)).  The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities
> fail to do so, those needs will not be met. . . .  We therefore conclude that deliberate
> indifference to serious medical needs of a prisoner constitutes the "unnecessary and
> wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion),
> proscribed by the Eighth Amendment.  This is true whether the indifference is
> manifested by prison doctors in their response to the prisoner's needs or by prison
> guards in intentionally denying or delaying access to medical care or intentionally
> interfering with the treatment once prescribed.  Regardless of how evidenced,
> deliberate indifference to a prisoner's serious illness or injury states a cause of action
> under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional,

the court was careful to note, however, that "an inadvertent failure to provide adequate medical care"

does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a
> medical condition does not state a valid claim of medical mistreatment under the
> Eighth Amendment. Medical malpractice does not become a constitutional violation
> merely because the victim is a prisoner.  In order to state a cognizable claim, a
> prisoner must allege acts or omissions sufficiently harmful to evidence deliberate
> indifference to serious medical needs.

---

failure to exhaust administrative remedies.  Also, dismissal of the claims against these Defendants
is also appropriate under Rules 12(b)(4) and (5) and Rule 4(m) of the Federal Rules of Civil
Procedure.  The record reflects that the Summonses for these Defendants were returned unexecuted
by the United States Marshal's Service.  See USM-285 Return Unexecuted (Documents # 86, 87,
93, 94).

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, 429 U.S. at 107; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

"To establish such a constitutional violation, a claimant must prove that, objectively assessed, he had a 'sufficiently serious' medical need to require medical treatment, and that [prison personnel], subjectively aware of the need and of its seriousness, nevertheless acted with 'deliberate indifference' to it by declining to secure available medical attention." Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 104 (4th Cir.1995) (citing Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)); Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); Wilson v. Seiter, 501 U.S. 294, 297-98, 111 S.Ct. 2321, 2323-24, 115 L.Ed.2d 271 (1991).

Therefore, an Eighth Amendment analysis entails both an objective component and a subjective component and a prison official cannot be liable unless the official knows of and disregards an excessive risk to inmate health and safety. The official must both be aware of facts from which the inference that a substantial risk of serious harm exists, and the official must also draw the inference. Brice, 58 F3d at 105 (citing Farmer, 511 U.S. at 837). "Actual knowledge or

-11-

awareness on the part of the alleged inflictor thus becomes essential to proof of deliberate indifference because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." Id.

As discussed above, Plaintiff has exhausted his administrative remedies only as to the claims arising out of the incident with Officer Mosher on June 19, 2009. Officer Mosher is a non-medical prison officer. Any claims of medical indifference as to him require that Plaintiff show that he was personally involved with a denial of treatment, deliberately interfered with prison medical personnel's treatment, or tacitly authorized or was indifferent to the prison medical personnel's misconduct. Kelly v. Ragland, 2008 WL 5146552 (D.S.C.) (citing Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990)). Benjamin, a fellow inmate, submits a declaration in which he states that, prior to any kicking or banging on the cell door, Plaintiff told Officer Mosher that he could not eat or drink. Officer Mosher avers that he was unaware of Plaintiff's medical condition at the time he heard him kicking and banging on his cell door and ordered him to stop. Once Officer Mosher opened Plaintiff's cell door to observe him, Plaintiff exited the cell and would not return until Officer Mosher administered one burst of chemical munitions to Plaintiff's face. Following Officer Mosher's use of chemical munitions, Plaintiff was observed by Nurse Linnen, but no treatment was given because Plaintiff was in no acute distress. See Report on the Use of Force. The Report on the Use of Force indicates that Plaintiff was seen by medical personnel, namely Nurse Linnen[4], on June 19, 2009. However, Plaintiff alleges in his Complaint and states in his Grievances that he was

---

[4]Although Plaintiff names Nurse Linnen as a Defendant in this action, he does not allege any claims against her arising out of the June 19, 2009, incident, nor does he name her in Grievance # LCI-856-09 relating to this incident. In fact, he denies being seen by medical personnel on June 19, 2009. Thus, Plaintiff has failed to state a claim against Nurse Linnen with respect to the only claims he has exhausted.

denied medical treatment on June 19, 2009. In addition, he presents the Declaration of inmate Benjamin that Plaintiff was denied medical treatment on June 19, 2009. Viewing the facts in the light most favorable to Plaintiff, Officer Mosher was aware at some point on June 19, 2009, that Plaintiff was vomiting and unable to eat or drink. When Officer Mosher attempted to check on Plaintiff by opening the cell door, he resorted to using chemical munitions. Plaintiff was then denied medical treatment.

Nevertheless, there is no dispute that he was evaluated and transported to the hospital on June 22, 2009. For a delay in medical treatment to rise to a constitutional magnitude, Plaintiff must show the delay itself caused substantial harm. Turner v. Kight, 121 Fed. Appx. 9, 13-14 (4th Cir.2005); Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir.1995); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993); Wynn v. Mundo, 367 F.Supp.2d 832, 838 (M.D.N.C.2005). There is no competent evidence in the record to show the delay between June 19, 2009, and June 22, 2009, caused any harm. See Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir.1994) (""[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."). Accordingly, Plaintiff has failed to present sufficient evidence to show that Officer Mosher's actions arise to the level of deliberate indifference amounting to a violation of Plaintiff's constitutional rights.

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 42 U.S. at 107. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987);

-13-

Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. Russell v. Sheffer, 528 F. 2d 318, 319 (4th Cir. 1975).

Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Section 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989). Plaintiff asserts a separate medical malpractice claim, but it, too, must fail. Plaintiff has failed to provide any expert testimony to show that any actions of defendants failed to conform to the applicable standard of care. Martasin v. Hilton Head Health Sys. L.P., 364 S.C. 430, 613 S.E.2d 795, 799 (S.C.Ct.App.2005) ( citing Gooding v. St. Francis Xavier Hosp., 326 S.C. 248, 487 S.E.2d 596, 599 (S.C.1997)).

For these reasons, summary judgment is proper on Plaintiff's claims for medical indifference under § 1983 and for medical malpractice under state law arising out of the incidents occurring on June 19, 2009.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Defendants South Carolina Department of Corrections (SCDC), Officer S. Mosher, Doctor W. Jones, Sgt. Jordan Williams, Sgt. Marado Smalls, Cpt. John Guinn, Ofc. Susan Spann, Nurse C. Felder, Nurse V. Ashford, Doctor R. Babb, Nurse K. Linnen, Warden M. Bodison, Assoc. Warden F. Thompson, Sgt. F. Jefferson, Ofc. S. Nicholas, Lt. R. Stwert, and Nurse V. Frazier's Motion to Dismiss, or in the Alternative, for

-14-

Summary Judgment (Document # 76) be granted.  However, because Defendants have not moved for summary judgment on Plaintiff's claim of excessive force arising out of the June 19, 2009, alleged use of force, it is recommended that the Motion be treated as one for partial summary judgment and that the excessive force claim move forward at this time.[5]  It is further recommended that Defendants Nurse R. Brewer, Ofc. U. Palmer, Nurse S. West, and Ofc. T. Mills's Motion to Dismiss (Document # 97) be granted.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 14, 2011
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[5]To the extent Defendants' Motion can be construed as addressing Plaintiff's claim of excessive force arising out of the events of June 19, 2009, it is recommended that the Motion be denied in part as to that claim based upon the record presented.

-15-