IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) | |
| ) | C.A. No. 4:10-157-HMH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| South Carolina Department of Corrections, ) | |
| Officer S. Mosher, Doctor W. Jones, ) | |
| Sgt. Jordan Williams, Sgt. Marado Smalls, ) | |
| Cpl. John Guinn, Ofc. Susan Spann, ) | |
| Nurse C. Felder, Nurse V. Ashford, ) | |
| Doctor R. Babb, Nurse K. Linnen, Nurse R. ) | |
| Brewer, Warden M. Bodison, Assoc. ) | |
| Warden F. Thompson, Sgt. F. Jefferson, ) | |
| Ofc. S. Nicholas, Lt. R. Stewart, Ofc. U. ) | |
| Palmer, Nurse V. Frazier, Nurse S. West, ) | |
| Ofc. T. Mills, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Corey Jawan Robinson ("Robinson"), a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. On July 16, 2010, Defendants filed a motion for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

summary judgment.[2] Defendants subsequently filed a motion to dismiss four named defendants pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure for failure to perfect service. Magistrate Judge Rogers recommends granting both motions. For the reasons explained below, Defendants' motion to dismiss for improper service is granted, and its motion for summary judgment is granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to Robinson's claims before the court revolve around events that occurred between Defendant Officer S. Mosher ("Officer Mosher") and Robinson on June 19, 2009. The parties dispute virtually all of the material facts. According to Robinson, he asked Officer Mosher sometime before lunch to see a nurse because he was vomiting and his throat was constricted. (Compl. at 3.) Officer Mosher denied his request, and Robinson continued vomiting on his bed and cell floor. (Id.) After lunch, Robinson had difficulty breathing and was choking on his vomit due to his swollen throat. (Id.) Robinson's cell mate began kicking their cell door attempting to procure medical assistance. (Id.) Officer Mosher responded to their cell, and upon inquiring into the matter, Robinson stated: "I done saw a doctor twice about a virus and I am sick; I almost choke off my vomit nigga." (Id.) Officer Mosher asked Robinson what he had called him, and upon repeating the statement, Robinson alleges that Officer Mosher sprayed chemical munitions in his eyes and face and locked the cell door. (Compl. at 3; Am. Compl. at 3.) Robinson alleges he received no medical treatment, change of clothes, or shower

---

[2] Defendants' motion is styled as a motion to dismiss or in the alternative motion for summary judgment. Because both parties rely on documents outside of the pleadings in support of their claims, the court regards Defendants' motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

2

for three days. (Compl. at 3.) Robinson maintains that during those three days his swollen throat precluded him from consuming food or liquids. (Id.) On June 22, 2009, he was admitted to Trident Medical Center where he was diagnosed with sarcoidosis. (Am. Compl. at 3.) Robinson remained hospitalized for ten days and could consume only Ensure through a feeding tube for the next four to eight weeks. (Id.) Robinson produced the declaration of another inmate, Dion Benjamin ("Benjamin"), who avers he witnessed the June 19, 2009 events. (Benjamin Decl., generally.) Benjamin's declaration corroborates Robinson's portrayal of the facts. (Id.)

According to Defendants, Officer Mosher responded to Robinson's cell because he was kicking the door. (Def. Mem. Supp. Summ. J. Ex. 6-B (Report on Force).) Officer Mosher was unaware of Robinson's medical and physical condition when he confronted Robinson. (Id. Ex. 6 (Officer Mosher Aff. ¶ 8).) After unsuccessfully giving Robinson several orders to cease his behavior, Officer Mosher opened Robinson's door to observe him. (Id. Ex. 6-B (Report on Force).) Robinson exited his cell and failed to return despite numerous commands. (Id.) Officer Mosher then administered one burst of chemical munitions in Robinson's facial area. (Id.) Defendants maintain that a nurse examined Robinson following the incident. (Def. Mem. Supp. Summ. J. Ex. 6-B (Report on Force).)

Robinson commenced this § 1983 action on January 25, 2010, asserting claims for deliberate indifference, excessive force, sexual harassment, and other forms of harassment. Robinson also raised a state law claim for medical malpractice. The magistrate judge determined that Robinson failed to exhaust administrative remedies for all of his claims except the excessive force, deliberate indifference, and medical malpractice claims arising out of the

June 19, 2009 altercation with Officer Mosher. (Report & Recommendation at 9.) The magistrate judge also found that Defendants failed to address Robinson's excessive force claim, and therefore, he recommends Defendants' motion be construed as a partial motion for summary judgment, allowing the excessive force claim to proceed. (Id. at 2 n.1.) With respect to Robinson's deliberate indifference and medical malpractice claims, the magistrate judge recommends granting summary judgment in favor of Defendants. (Id. at 13-14.) The magistrate judge further recommends granting Defendants' motion to dismiss for failure to perfect service. Both sides filed objections to the magistrate judge's Report. This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

#### 1. Robinson's Objections

Upon review, the court finds that the majority of Robinson's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections: (1) he properly exhausted his administrative remedies; (2) the magistrate judge erred in his recommendation granting summary judgment in favor of Defendants for his deliberate indifference claim; and (3) the magistrate judge erred in its recommendation granting summary judgment in favor of Defendants on his medical malpractice claim.

##### a. Claim Exhaustion

Robinson first objects to the magistrate judge's determination that he failed to properly exhaust his administrative remedies. (Robinson Objections at 3.) Pursuant to 42 U.S.C. § 1997(e)(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Robinson claims that prison officials denied him the necessary grievance forms to complete the South Carolina Department of Corrections' ("SCDC") administrative remedy process. (Id. at 3-4.) The record, however, contains numerous Step One grievance forms that Robinson completed but were returned because he failed to attempt informal resolution. (Decl. Supp. Pl. Answer Def. Mot. Summ. J. Ex. 1 (Inmate Grievance Forms, generally).) Moreover, SCDC officials explained to Robinson why the grievances were deficient and the person with whom Robinson must speak to properly complete informal resolution of his claim. (Id. Ex. 1 (Inmate Grievance Forms, generally).) Robinson failed to produce any credible evidence showing that SCDC officials frustrated his attempts to exhaust administrative remedies. Based on the foregoing, the court finds that Robinson has failed to exhaust his administrative remedies with respect to all claims other than Robinson's excessive force, deliberate indifference, and medical malpractice claims arising out of the June 19, 2009 incident with Officer Mosher.

### b. Deliberate Indifference

Robinson objects to the magistrate judge's recommendation granting summary judgment in favor of Defendants on Robinson's deliberate indifference claim. (Robinson Objections 4-7.) To establish a constitutional violation for deliberate indifference to a serious medical need, Robinson must prove that "objectively assessed, he had a sufficiently serious medical need to require medical treatment, and that a prison guard, subjectively aware of the need and of its

seriousness, nevertheless acted with deliberate indifference to it by declining to secure available medical attention." Brice v. Virginia Beach Corr. Ctr., 58 F.3d 101, 104 (4th Cir. 1995) (internal quotation marks omitted). Under this standard, a prisoner's medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A plaintiff satisfies the subjective component by demonstrating that the prison official knew of the plaintiff's risk of harm and disregarded it. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990). Deliberate indifference can be shown where prison officials intentionally delay a prisoner's access to medical care. Smith v. Smith, 589 F.3d 736, 738-39 (4th Cir. 2009).

  The magistrate judge determined that Defendants are entitled to summary judgment because Robinson failed to introduce any evidence showing the three-day delay in medical treatment caused a substantial medical need. (Report & Recommendation at 13.) To reach this conclusion, the magistrate judge relied on Hill v. Dekalb Regional Youth Detention Center, where the Eleventh Circuit opined that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in the medical treatment to succeed." 40 F.3d 1176, 1188 (11th Cir. 1994), overruled in part by Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002). There, however, the plaintiff attempted to establish that his medical need was sufficiently serious by relying on the effect of the delay in treatment. Id. Alternatively, a prisoner can demonstrate a sufficiently serious medical need when the medical condition is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at

241. When prison officials delay in providing medical treatment for an obvious medical need, the "violation is not premised upon the 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of harm." Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004). In these circumstances, the "[p]laintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead, it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed for a reasonable time." Id. at 900.

Robinson alleges that his "condition was so serious that it required immediate hospitalization including surgeries" and that if he had received medical attention from prison officials on June 19, 2009, he would have been admitted to the hospital immediately. (Robinson Objections at 5-6.) Robinson, therefore, does not rely upon the effect of the delay to show the seriousness of his medical needs; instead, he contends that his medical needs on June 19, 2009, were known to Officer Mosher and sufficiently serious to militate immediate medical attention. Based on the foregoing, the court finds that Robinson is not required to produce evidence showing the three-day delay in treatment caused his injury to survive summary judgment. Therefore, the court declines to adopt the magistrate judge's recommendation on Robinson's deliberate indifference claim.

Nevertheless, Defendants contend they are entitled to summary judgment for Robinson's deliberate indifference claim on the basis of qualified immunity. "Qualified immunity shields public officials from personal liability for discretionary actions provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

have known." Renn v. Garrison, 100 F.3d 344, 349 (4th Cir. 1996) (internal quotation marks omitted). Determination of whether a public official is protected by qualified immunity requires a two-step analysis. See Pearson v. Callahan, 555 U.S. 223 (2009) (holding that courts can determine which of the two prongs of the qualified immunity analysis should be applied first). Generally, the threshold inquiry is whether the allegations, when viewed in a light most favorable to the plaintiff, establish a constitutional violation. Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007). If so, the court must then "ask whether the right was clearly established–that is, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. (internal quotation marks omitted). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992). The plaintiff must shoulder the burden of proof on the first question, and if successful, the burden shifts to the defendant on the second question. Henry, 501 F.3d at 377-78. At the summary judgment stage, "disputed facts are treated no differently in . . . the qualified immunity analysis than in any other context," and therefore, "summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." Vathekan v. Prince George's County, 154 F.3d 173, 180 (4th Cir. 1998) (internal quotation marks omitted). The determination of whether the constitutional right was clearly established encompasses a purely legal issue that is always capable of resolution on summary judgment. Willingham v. Crooke, 412 F.3d 533, 559 (4th Cir. 2005). However, a genuine dispute "regarding whether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial." Id. (internal quotation marks omitted).

Robinson alleges that he repeatedly told Officer Mosher on June 19, 2009, that he was choking and unable to consume any food or liquids because of vomiting and his swollen throat. (Am. Compl. at 3.) Robinson further maintains that Officer Mosher failed to secure medical attention for Robinson until June 22, 2009, when he was admitted to Trident Medical Center. (Id.) Viewing these facts in a light most favorable to Robinson, the court finds that Robinson has alleged a violation of a clearly established constitutional right. However, because the parties dispute the material facts surrounding Officer Mosher's conduct, the court cannot determine whether Officer Mosher is entitled to qualified immunity at the summary judgment stage. Based on the foregoing, Defendants' motion for summary judgment on Robinson's deliberate indifference claim is denied.

### c. Medical Malpractice Claim

Magistrate Judge Rogers recommends granting summary judgment in favor of Defendants on Robinson's state law medical malpractice claim because Robinson failed to produce any expert testimony in support of his claim that Defendants negligently administered medical care. (Report & Recommendation at 14.) Robinson contends that expert testimony is unnecessary to withstand Defendants' motion for summary judgment. (Robinson Objections 7-9.) The South Carolina Court of Appeals, however, has stated that for a genuine issue of material fact to exist, a plaintiff alleging medical malpractice must provide expert testimony showing (1) the physician's standard of care and (2) that the defendant breached that standard of care. Melton v. Medtronic, Inc., 698 S.E.2d 886, 893 (S.C. Ct. App. 2010). Based on the foregoing, the court finds that Defendants are entitled to summary judgment on Robinson's state law medical malpractice claim.

### 2. Defendants' Objections

On January 31, 2011, Defendants filed objections to the magistrate judge's Report and Recommendation, contending Magistrate Judge Rogers erroneously recommended that Robinson's excessive force claim proceed. In their objections, Defendants contend they are entitled to summary judgment for Robinson's excessive force claim on the basis of qualified immunity. (Def. Objections, generally.)

Whether there is an Eighth Amendment violation in the context of a prison disturbance depends upon "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). The predominate focus in a claim for excessive force is not on the extent of the injury but rather the nature of and justification for the inflicted force. Id. at 1179. The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Whitley v. Albers, 475 U.S. 312, 321 (1986).

Robinson alleges that Officer Mosher sprayed mace in his eyes and face when he was confined in his cell and attempting to procure medical attention. (Compl. 3; Am. Compl. at 2-3.) Defendants emphatically argue that discharging a burst of chemical munitions in a prisoner's face does not violate a clearly established constitutional right. (Def. Objections at 7.) However, the Fourth Circuit observed fifteen years ago that "[i]t is generally recognized that it is a

11

violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (internal quotation marks omitted). Viewing the facts in a light most favorable to Robinson, the court concludes that Robinson has alleged facts showing deprivation of a clearly established constitutional right.  Because the parties dispute virtually all of the material facts regarding Officer Mosher's conduct, the court cannot determine whether Officer Mosher is entitled to qualified immunity at this stage of the litigation.  Based on the foregoing, the court finds that Defendants' motion for summary judgment on Robinson's deliberate indifference claim is denied.

After a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation to the extent that it is consistent with this order.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 76, is granted in part and denied in part as outlined above.  It is further

**ORDERED** that Defendants' motion to dismiss, docket number 97, is granted.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
February 17, 2011