IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Corey Jawan Robinson, #294233,           )
                                          )   C.A. No. 4:10-157-HMH-TER
                    Plaintiff,           )
                                          )
        vs.                               )   **OPINION AND ORDER**
                                          )
South Carolina Department of Corrections, )
Officer S. Mosher, Doctor W. Jones,       )
Sgt. Jordan Williams, Sgt. Morado Smalls, )
Cpl. John Guinn, Ofc. Susan Spann,        )
Nurse C. Felder, Nurse V. Ashford,        )
Doctor R. Babb, Nurse K. Linnen, Nurse R. )
Brewer, Warden M. Bodison, Assoc.         )
Warden F. Thompson, Sgt. F. Jefferson,    )
Ofc. S. Nicholas, Lt. R. Stewart, Ofc. U. )
Palmer, Nurse V. Frazier, Nurse S. West,  )
Ofc. T. Mills,                            )
                                          )
                    Defendants.           )

This matter is before the court on Defendants' motion for reconsideration of the court's February 17, 2011 Order ("February Order") in which the court granted in part and denied in part Defendants' motion for summary judgment. For the reasons explained below, Defendants' motion for reconsideration is granted in part and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Robinson's claims are fully set forth in the court's February Order and summarized below. Robinson alleges that on June 19, 2009, he asked Officer S. Mosher ("Officer Mosher") to see a nurse because he was vomiting and his throat was constricted. (Compl. 3.) Officer Mosher purportedly denied his request, and Robinson continued vomiting

1

in his cell. (Id.) Robinson alleges that his swollen throat impeded his breathing and caused him to choke on his vomit. (Id.) Later in the day, Robinson's cell mate began kicking their cell door attempting to procure medical assistance. (Id.) When Officer Mosher approached Robinson's cell and inquired into the matter, Robinson allegedly stated: "I done saw a doctor twice about a virus and I am sick; I almost choke off my vomit nigga." (Id.) Officer Mosher sprayed one burst of chemical munitions in Robinson's eyes and face and locked the door. (Compl. 3.) Three days later, Robinson was admitted to Trident Medical Center where he was diagnosed with sarcoidosis. (Id.) He remained hospitalized for ten days and could eat only through a feeding tube for the next several weeks. (Id.)

On January 25, 2010, Robinson commenced this § 1983 action, alleging various violations to his constitutional rights. Defendants moved for summary judgment on July 16, 2010, and the court granted summary judgment in favor of Defendants on all of Robinson's claims except his claims for excessive force and deliberate indifference. On March 17, 2011, Defendants filed the instant motion, requesting the court to reconsider its denial of summary judgment for Robinson's excessive force and deliberate indifference claims.[1] In support of their motion to reconsider, Defendants have submitted new affidavits from medical personnel at Lieber Correctional Institution. On April 4, 2011, Robinson filed a response in opposition to Defendants' motion for reconsideration. Defendants filed their reply on April 4, 2011. This matter is now ripe for review.

---

[1] The court's February Order partially granting summary judgment in favor of Defendants is an interlocutory order that the court "retains the power to reconsider and modify." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003).

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Merits

#### 1. Deliberate Indifference Claim

Robinson alleges that prison medical personnel and officers were deliberately indifferent to a serious medical need because from "June 19, 2009 through [June] 22, 2009, officers watched me suffer in pain from the result of could not [sic] eat or drink from my sickness of suffering from a disease." (Am. Compl. 3.) For Robinson's complaints of delayed medical treatment to rise to the level of a constitutional violation, Robinson must prove that "objectively

3

assessed, he had a sufficiently serious medical need to require medical treatment, and that a prison guard, subjectively aware of the need and of its seriousness, nevertheless acted with deliberate indifference to it by declining to secure available medical attention." Brice v. Virginia Beach Corr. Ctr., 58 F.3d 101, 104 (4th Cir. 1995) (internal quotation marks omitted); see also Smith v. Smith, 589 F.3d 736, 738-39 (4th Cir. 2009) (recognizing that deliberate indifference can be shown where prison officials intentionally delay a prisoner's access to medical care). Under this standard, a prisoner's medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A plaintiff satisfies the subjective component by demonstrating that the prison official knew of the plaintiff's risk of harm and disregarded it. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990).

     Defendants argue that Robinson is unable to satisfy either the objective or subjective components of a deliberate indifference claim. In support of their contention, Defendants proffer affidavits from medical personnel at Lieber Correctional Institution, evidencing that Robinson was observed by prison medical staff three times between June 19 and June 22. Following his altercation with Officer Mosher on June 19, Robinson was seen by a nurse who determined that Robinson "was not suffering from any injuries," nor was he in "any acute distress." (Def. Reply Ex. 1 (Linnen Aff. ¶¶ 10, 11).) According to prison medical records, Robinson was seen by a nurse again on June 20 for his complaints of vomiting and being unable to eat or drink. The nurse ordered that Robinson be placed on a liquid diet, and she referred him to Dr. Robert Babb ("Dr. Babb"), a licensed physician employed by the prison. (Def. Mem.

4

Supp. Summ. J. Ex. 2 (Robinson Medical Summary at 17).)  On June 22, Robinson was seen by Dr. Babb, and based upon his assessment, he referred Robinson to Trident Medical Center. (Mot. Recons. Ex. 2 (Dr. Babb Aff. ¶ 11).)  In his affidavit, Dr. Babb stated that, based on his review of Robinson's medical records and complaints of vomiting with swollen throat, he would not have referred Robinson to Trident Medical Center had he seen Robinson on June 19, and that in his medical opinion, "any alleged delay in treatment from June 19, 2009 through June 22, 2009, caused no harm to Mr. Robinson."  (Id. Ex. 2 (Dr. Babb Aff. ¶¶ 9, 10).)

Based on the prison medical records and affidavits from treating medical personnel, Robinson is unable to demonstrate that Defendants were deliberately indifferent to a serious medical need.  The records reflect that prison medical staff responded to and provided treatment for Robinson's complaints based upon the symptoms he exhibited.  Although Robinson disagrees with the medical care provided and contends that he should have been referred to the hospital sooner, disagreements over medical care fail to rise to the level of a constitutional violation.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  At most, Robinson can show that medical personnel were negligent in failing to detect the gravity of his impairment and refer him to the hospital sooner.  Negligence, however, fails to establish a cognizable § 1983 claim. Estelle v. Gamble, 429 U.S. 97, 107 (1976).  Based on the foregoing, the court concludes that Defendants are entitled to summary judgment on Robinson's deliberate indifference claims against prison medical personnel.

Robinson also claims that Officer Mosher was deliberately indifferent to his serious medical needs, contending that Officer Mosher should have promptly secured medical attention based upon his complaints of vomiting and being unable to eat or drink.  (Compl. 3.)  To prevail

on his claim for deliberate indifference against Officer Mosher, a non-medical prison official, Robinson must show that Officer Mosher had actual knowledge of his substantial medical risk. Brice, 58 F.3d at 105.  A prison official may be charged with actual knowledge of an inmate's substantial risk "from the very fact that the risk was obvious." Farmer v. Brennan, 511 U.S. 825, 842 (1994).  Defendants argue Robinson is unable to satisfy the subjective component of a deliberate indifference claim with respect to Officer Mosher.  (Mot. Recons. 9.)  The court agrees.

Robinson has failed to produce any evidence from which a reasonable inference can be drawn that Officer Mosher or any other non-medical prison official had actual knowledge of the severity of Robinson's medical need. As discussed above, the record shows that even medical personnel were unable to discern the gravity of Robinson's medical condition given the symptoms he exhibited.  Given the latency of Robinson's medical condition, Robinson cannot show that Officer Mosher possessed actual knowledge of Robinson's serious medical need. Based on the foregoing, the court concludes that Defendants are entitled to summary judgment on Robinson's deliberate indifference claim.

### 2.  Excessive Force

Robinson alleges that Officer Mosher's discharge of chemical munitions in his face and eyes while he was "helpless" in his cell attempting to procure medical assistance constitutes excessive force in violation of the Eighth Amendment. (Am. Compl. 3.)  In its February Order, the court found that genuine issues of material fact precluded entry of summary judgment in favor of Defendants on this claim.  (February Order 11-12.)  Defendants concede that many of the facts underlying Robinson's excessive force claim are disputed but contend that they are

entitled to summary judgment based upon the facts as alleged by Robinson. (Mot. Recons. 10-12.) The court disagrees.

According to Robinson, his cell mate began kicking their cell door in an attempt to secure medical attention for Robinson. (Compl. 3.) When Officer Mosher responded to their cell, Robinson stated that he had seen "a doctor twice about a virus and I am sick; I almost choke off my vomit nigga." (Id.) Robinson alleges that Officer Mosher called him a "tough guy" and sprayed chemical munitions in his face and eyes while he was confined in his cell. (Id.) Robinson produced the declaration of Dion Benjamin ("Benjamin"), another inmate, who states that he witnessed the altercation between Robinson and Officer Mosher. (Decl. Supp. Pl. Answer Def. Mot. Summ. J., generally.) Benjamin's declaration corroborates Robinson's portrayal of the June 19 events. (Id.) Officer Mosher, however, avers that he discharged chemical munitions in Robinson's facial area because Robinson was attempting to exit his cell when the prison was on lockdown, and he refused to obey Officer Mosher's command to "stand down." (Def. Mot. Summ. J. Ex. 6 (Officer Mosher Aff. ¶¶ 7, 10, 11).)

As explained in the court's February Order, the predominate inquiry for an excessive force claim focuses upon the justification for a prison official's infliction of force rather than the quantum of injury inflicted. Wilkins v. Gaddy, 130 S. Ct. 1175, 1179 (2010) ("Injury and force . . . are imperfectly correlated, and it is the latter that ultimately counts."). In the context of a prison disturbance, whether force used is unconstitutionally excessive depends upon "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The use of mace by prison officials on inmates confined in their cells warrants close

judicial scrutiny.  Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996).  "[A]lthough it is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells," the Fourth Circuit has observed that "it is necessary to examine the totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used to determine the validity of the use of tear gas in the prison environment."  Id. (internal quotation marks omitted).  As the court explained in its February Order, the circumstances here are clouded by the fact that the parties present completely different portrayals of the facts underlying Officer Mosher's use of force.  In their motion for reconsideration, Defendants claim that they are entitled to summary judgment because Robinson failed to set forth the specific injury he suffered as a consequence of Officer Mosher spraying chemical munitions in his eyes.  As a pro se plaintiff, however, Robinson's pleadings are afforded a liberal construction and held to a lower standard than those drafted by licensed attorneys.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Viewing the facts in a light most favorable to Robinson, the court finds that genuine issues of material fact preclude entry of summary judgment in favor of Defendants on Robinson's excessive force claim.

Defendants alternatively contend that summary judgment is proper because qualified immunity shields Officer Mosher from liability. In support of this contention, Defendants advance the identical arguments previously presented in their objections to the magistrate judge's Report and Recommendation.  As explained in its February Order, however, the court is unable to determine whether Officer Mosher is entitled to qualified immunity at this stage of the litigation because the parties dispute virtually all of the facts as to what occurred.  Finally, Defendants request leave to file an interlocutory appeal with the Fourth Circuit pursuant to 28

U.S.C. § 1292(b) on the issue of whether Robinson's excessive force claim can proceed when he has failed to allege an injury in his complaint. The Fourth Circuit, however, has admonished that interlocutory review under § 1292(b) is an "extraordinary remedy" that should be exercised only upon a showing of "exceptional circumstances." Fannin v. CSX Transp., No. 88-8120, 1989 WL 42583, *2 (4th Cir. Apr. 26, 1989) (unpublished). Defendants have failed to show that exceptional circumstances exist to warrant an immediate right to appeal.

Based on the foregoing, the court concludes that Defendants are entitled to summary judgment on Robinson's claim of deliberate indifference. Their motion for summary judgment on Robinson's excessive force claim, however, is denied.

It is therefore

**ORDERED** that Defendants' motion for reconsideration, docket number 137, is granted in part and denied in part as outlined above.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
May 10, 2011