UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Corey Jawan Robinson, #294233 | ) C/A No.  4:10-00157-HMH-TER |
| | ) |
| Plaintiff, | ) |
| | )REPORT AND RECOMMENDATION |
| v. | ) |
| | ) |
| South Carolina Department of Corrections; Officer S. Mosher; Doctor W. Jones; Sgt. Jordan Williams; Sgt. Marado Smalls; Cpl. John Guinn; Ofc. Susan Spann; Lieber Medical Service; DHO James Blackwell, | ) ) ) ) ) |
| | ) |
| Defendant(s). | ) |
| _____ | ) |

This matter is before the court upon plaintiff's motion for Temporary Restraining Order ("TRO") filed December 3, 2010. (Doc. #96).[1]  In this motion, plaintiff requests that he be transferred from Lieber Correctional Institution because he alleges that he was transferred to another cell against his request, that he has been hurt on three occasions, that he has been denied access to courts, and that he has been denied proper medication. Plaintiff also alleges that another inmate was killed by officers and he is in "fear I would be subjected to this because the officers trying to get me stab[bed]." (Doc. #96).[2]

Defendants filed a response in opposition asserting plaintiff previously filed a similar motion for injunctive relief alleging similar facts which was denied by the court. Defendants contend

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] Counsel has been appointed as of February 28, 2011, to represent the plaintiff in this action.

plaintiff has failed to meet the burden required for the extraordinary relief requested. Defendants assert that "[p]laintiff's motion is no more than an attempt to circumvent the established polices and procedures [ of the] South Carolina Department of Corrections and forgo the considerations of safety and order they aim to protect."(Doc. #98). Defendants argue that if the court grants plaintiff's relief, they would be harmed because it would disrupt the daily operations of the prison and the defendants' efforts to do their jobs as required of them.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc. ,--- U.S. ---, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to show the likelihood of success on the merits or that an injunction is in the public interest.[3]

As plaintiff has failed to meet all of the Winter factors, it is recommended that this motion for TRO (doc. #96) be denied.

On January 3, 2011, plaintiff filed a motion for partial summary judgment. (Doc. #103). In this motion, plaintiff asserts the force used by officer S. Mosher was unjustified and an excessive use of force, and that defendant Nurse K. Linnen is liable for denying him medical care for the use of force.

---

[3] **Additionally,** decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983).

Defendants filed a response in opposition asserting the motion is untimely in that plaintiff filed the motion "nearly four months after the deadline established by the Court's Amended scheduling Order entered June 3, 2010" and should be barred. Id.

Previous to this report and recommendation, the Court entered an order on defendants' motion for summary judgment in which the court granted in part and denied in part said motion finding an issue of material fact as to plaintiff's claims of excessive force and deliberate medical indifference. As the Court has found issues of fact as to these two claims, plaintiff's motion for partial summary judgment (doc. # 103) should be denied.[4]

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 25, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4] In the alternative, it is recommended that the motion be denied as untimely filed. The Court's amended scheduling order set the dispositve motions deadline for August 12, 2010.