IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Corey Jawan Robinson, #294233,            )
                                          )   C.A. No. 4:10-157-HMH-TER
                        Plaintiff,        )
                                          )
            vs.                           )   **OPINION AND ORDER**
                                          )
South Carolina Department of Corrections; )
Officer S. Mosher; Doctor W. Jones;       )
Sgt. Jordan Williams; Sgt. Marado Smalls; )
Cpl. John Guinn; Ofc. Susan Spann;        )
Nurse C. Felder; Nurse V. Ashford;        )
Doctor R. Babb; Nurse K. Linnen;          )
Warden M. Bodison; Assoc. Warden F.       )
Thompson, Sgt. F. Jefferson; Ofc. S.      )
Nicholas; Lt. R. Stewart; Nurse V. Frazier, )
                                          )
                        Defendants.       )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Corey Jawan Robinson ("Robinson"), a state prisoner housed at Lieber Correctional Institution, brought this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights.  On December 3, 2010, Robinson filed a motion for preliminary injunction, contending that Defendants have retaliated against him for filing the instant action and requesting that he be transferred to an alternative

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

prison. Magistrate Judge Rogers recommends denying Robinson's motion for preliminary injunction.[2] Robinson filed objections to the Report on June 14, 2011.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Robinson contends that the magistrate judge failed to adequately explain the denial of his motion for a preliminary injunction. (Objections 3.) He, therefore, urges the court to reject the magistrate judge's "cursory dismissal of [his] legitimate claims" and issue a preliminary injunction. (Id.) The court declines to do so.

A preliminary injunction is an extraordinary remedy that will be issued only upon a showing by the plaintiff (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Because of the extraordinary nature of injunctive relief, the Supreme Court has admonished that interlocutory injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 376. Robinson has failed to make the requisite showing. In his motion for a preliminary injunction, Robinson

---

[2] On January 3, 2011, Robinson filed a motion for partial summary judgment. In his Report and Recommendation, Magistrate Judge Rogers recommends denying the motion. Robinson does not object to that portion of the Report. (Objections n.1.)

conclusorily enumerates various forms of retaliation, including assault, slander, denial of access to the courts, denial of medication, and denial of clothing and bedding. (Mem. Supp. Inj., generally.) Robinson, however, has made no effort in either his original motion or in his objections to the magistrate judge's Report and Recommendation to demonstrate that each of the Winter elements is satisfied. Although Robinson maintains that Defendants' response to his motion contains only "conclusory statements and ma[kes] no effort to address the facts alleged and the application of law to facts," the burden is on Robinson to establish that he is entitled to injunctive relief. (Objections 3.) Robinson has failed to carry his burden.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Roger's Report and Recommendation.

It is therefore

**ORDERED** that Robinson's motion for a preliminary injunction, docket number 96, is denied. It is further

**ORDERED** that Robinson's motion for partial summary judgment, docket number 103, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 16, 2011